# STATE OF TENNESSEE
# DAVIDSON COUNTY
# 20TH JUDICIAL DISTRICT

[x] First
[ ] Alias
[ ] Pluries

Brian P. Manookian

**Plaintiff**

Vs.

Conduent Education Services Company, LLC

**Defendant**

CIVIL ACTION DOCKET NO. 18C431

**Method of Service:**
[ ] Davidson County Sheriff
[ ] Out of County Sheriff
[ ] Secretary of State
[x] Certified Mail
[ ] Personal Service
[ ] Commissioner of Insurance

**To the above named Defendant:** CONDUENT EDUCATION SERVICES COMPANY, LLC

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303, and your defense must be made within thirty (30) days from the date this summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the complaint.

ISSUED: 2-21-18

**RICHARD R. ROOKER**
Circuit Court Clerk
Davidson County, Tennessee

By: _____
Deputy Clerk

| ATTORNEY FOR PLAINTIFF or PLAINTIFF'S ADDRESS | Brian Manookian, Cummings Manookian PLC |
|---|---|
| | 45 Music Square West |
| | Address |
| | Nashville, TN 37203 |

**TO THE SHERIFF:**

Please execute this summons and make your return hereon as provided by law.

**RICHARD R. ROOKER**
Circuit Court Clerk

Received this summons for service this _____ day of _____, 20___

SHERIFF

To request an ADA accommodation, please contact Dart Gore at (615) 880-3309.

## RETURN ON PERSONAL SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 20____, I:

☐ served this summons and complaint/petition on _____
_____ in the following manner:

☐ failed to serve this summons within 90 days after its issuance because _____
_____

_____
Sheriff/Process Server

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20____ I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Docket No. _____ to the defendant, _____. On the _____ day of _____, 20 ____, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20 ____. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS
_____ DAY OF _____, 20____.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY OR OTHER PERSON
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____NOTARY PUBLIC or _____DEPUTY CLERK
MY COMMISSION EXPIRES: _____

## NOTICE

**TO THE DEFENDANT(S):**

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ATTACH
RETURN
RECEIPT
HERE
(IF APPLICABLE)

STATE OF TENNESSEE
COUNTY OF DAVIDSON

I, Richard R. Rooker, Clerk of the Circuit Court in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

(To be completed only if copy certification required.)

RICHARD R. ROOKER, CLERK

By: _____ D.C.

# IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE

| | |
|---|---|
| BRIAN P. MANOOKIAN, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) NO. 18C431<br>)<br>) |
| CONDUENT EDUCATION SERVICES COMPANY, LLC<br>previously d/b/a ACS Education Services, Inc.<br>d/b/a ACS a/k/a ACS/700212 | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

FILED 2018 FEB 21 PM 2:33 RICHARD R. ROOKER, CLERK D.C.

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

---

The Plaintiff for his causes of action respectfully states to the Court the following:

### I. PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Brian Manookian is an adult resident of Davidson County, Tennessee.

2. Defendant Conduent Education Services Company, LLC a/k/a ACS Education Services, Inc., is a Delaware limited liability company doing business in the State of Tennessee. It may be served through its registered agent, Corporation Service Company, 2908 Poston Ave, Nashville, TN 3720

3. Venue is proper in Davidson County pursuant to Tenn. Code Ann. § 20-4-101. This court has jurisdiction pursuant to Tenn. Code Ann. § 16-10-101 and Tenn. Code Ann. § 29-14-102.

1

## II. FACTUAL ALLEGATIONS

4. On or around January 2, 2018, Plaintiff discovered Defendant reporting to multiple consumer credit bureaus – including Experian, EquiFax, and TransUnion – the existence of a debt by Plaintiff to Defendant.

5. Plaintiff, however, has never borrowed nor received any amount of monies from Defendant.

6. Likewise, Plaintiff, has never entered into any contract or agreement of any kind with Defendant.

7. Plaintiff does not now, nor has he ever, owed any amount of money to Defendant.

8. Nevertheless, Defendant, on its own and through its agents, has reported or caused to be reported to consumer credit bureaus and others the existence or prior existence of a debt to it by Brian Manookian that was unpaid or not paid satisfactorily.

9. Defendant's actions, as described in Paragraph 8, have had significant injurious effect on the Plaintiff.

## III. COUNT ONE – DECLARATORY JUDGMENT

10. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

11. Tenn. Code Ann. § 29-14-102 provides that "Courts of record within their respective jurisdictions have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed."

2

12. Tenn. Code Ann. § 29-14-102 additionally provides that "[t]he declaration may be either affirmative or negative in form and effect; and such declaration shall have the force and effect of a final judgment or decree."

13. Tenn. Code Ann. § 29-14-101 confirms that trusts that the Defendants are subject to the jurisdiction and power of this court to make and enforce declaratory judgments.

14. Tenn. Code Ann. § 29-14-101 provides that the purpose of this court's declaratory power "is to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and is to be liberally construed and administered."

15. Tenn. Rule Civ. Pro. 57, Declaratory Judgments, provides that "[t]he court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

16. There is a bona fide controversy, uncertainty, and insecurity as to whether Plaintiff owed monies, owes monies, is indebted to, is in a legal relationship with, or has any obligation whatsoever Defendant.

### IV. COUNT TWO – INJUNCTIVE RELIEF

17. The allegations in the foregoing paragraphs are hereby incorporated by reference, as if set forth herein.

18. Rule 65.01 of the Tennessee Rules of Civil Procedure provides that injunctive relief may be obtained by permanent injunction in a final judgment. An injunction may restrict or mandatorily direct the doing of an act.

3

## RELIEF REQUESTED

**WHEREFORE**, the Plaintiff requests the following:

1. That proper process be issued and served upon the Defendant and the Defendant be required to appear and answer this Verified Complaint.

2. That the court order a speedy hearing on this matter, advancing it on the court's calendar.

3. That the court enter a judgment in favor of the Plaintiff declaring that the Plaintiff does not and has never owed monies to Defendant.

4. That the court enter an injunction directing the Defendant to withdraw any report made to any consumer credit bureau or agency regarding Brian Manookian.

5. That the court enter a permanent injunction restricting the Defendant and its agents and employees from making future reports to any consumer credit bureau or agency regarding Brian Manookian.

6. That the Plaintiff be awarded his costs pursuant to Tenn. Code Ann. § 29-14-111.

7. That the Plaintiff be awarded any such further and other general relief to which he may be entitled.

Respectfully Submitted,

_____
Brian Manookian, #26455
Cummings Manookian PLC
45 Music Square West
Nashville, Tennessee 37203
(T) 615.266.3333
(F) 615.266.0252
bmanookian@cummingsmanookian.com

## TENN. RULE CIV. PRO. 72 VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

_____
Brian Manookian